# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2023 JAN 30 PM 12: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

HAREL TALASAZAN

Plaintiff,

v.

MICROSOFT CORPORATION,
OFFICE OF BAR COUNSEL,
BOARD OF BAR OVERSEERS,
DOROTHY ANDERSON,
MATTHEW STEWART, and
DOES 1-25

Defendants.

Civil Action No. 1:22-CV-11764-DJC

**PLAINTIFF'S OBJECTION TO THE MAILING OF THE FIRST AMENDED COMPLAINT AND OPPOSITION TO THE DEFENDANTS JOINT MOTION TO ENLARGE TIME TO FILE RESPONSIVE PLEADING**

Plaintiff Harel Talasazan ("Talasazan"), for reasons and points of authorities below, OBJECTS to the mailing of the First Amended Complaint and reserves his rights among other things Talasazan has already expressly reserved ("objection"), subject to and without waiving the foregoing, Talasazan submits the opposition to the Defendants joint Motion to Enlarge Time to File Responsive Pleading ("opposition").
This objection and opposition is based on the pleadings and papers on file in this action, this motion, the accompanying memorandum of reasons and authorities, the declaration of Harel Talasazan in support of this motion, and whatever evidence and argument is presented at the hearing of this motion.

## GROUNDS FOR OBJECTION TO THE MAILING OF THE FIRST AMENDED COMPLAINT AND RESERVING TALASAZAN'S RIGHTS AMONG OTHER THINGS EXPRESSLY RESERVED

The grounds for Talasazan reserving his rights among other things Talasazan has already

expressly reserved are that:

1. Talasazan makes reference to the First Amended Complaint and the allegations therein. The gist of the allegations included, inter alia, the promises to Defendants and payments Talasazan made for his license to remain unblemished and in good standing.

2. Talasazan intended to show that Defendants Dorothy Anderson ("Anderson"), Matthew Stewart ("Stewart"), the Office of Bar Counsel ("Bar Counsel") and the Board of Bar Overseers ("Board") have breached the public trust so entrusted to each said one. Said Defendants have taken money or property from Talasazan, have engaged in a deceptive manner or method in the course of events with or relating to Talasazan and have never truly intended to afford Talasazan his constitutionally protected rights, including but not limited to, notice and/or an opportunity to be heard.

3. Among other things, Talasazan intended to show this Court that the Bar Counsel and the Board use a dual system of mailing documents, which shows or would have been proven to show that there is a pre-existing legal duty that has not been observed and/or violates Talasazan's constitutionally protected rights and/or interests. That said dual system of mailing is fundamentally unfair to any party including but not limited to Talasazan, in any proceeding or suit or action, and that said dual system of mailing is a(n) (inverse) taking under the United States Constitution, and materially affects a full and accurate record in the investigation of and proceedings concerning Talasazan.

4. For matters that, if they were to occur in open court, if at all, in the presence of a justice or the justices of the Supreme Judicial Court, if at all, nothing would stop the Bar Counsel or the Board from denying the existence of documents so mailed, whereas on the one hand, with "Pittney Bowes" the official business of the court may be used to mail things, and on

the other hand the defunct and converted entity "Neopost" would be used on the other hand. Nor does Talasazan believe that the said Defendants have a reason to be upright or forthright about the matter if Talasazan were to challenge the non-existence of something that should be on the record but is not. Where, as here, the said Defendants on the one hand mailed documents to Talasazan that clearly showed that the postage for said mailing was made by and paid to "Neopost" which is a defunct and converted entity whose (principal and thereby) treasurer is based in France, and the said Defendants clearly use two different addresses (e.g. 99 High Street Boston, Massachusetts and/or 99 High Street 2nd Floor Boston, Massachusetts).

4. Talasazan intended to show that Apple Inc. applied the same or similar usage of "Neopost" in the mail to conceal its internal records relating to Talasazan.

5. Talasazan had reasonably believed that the Attorney General of the United States would seriously consider intervening in this case. In reliance on the reasonable belief that he would, Talasazan had sent hundreds, if not one thousand(s) or more pages of documents to the Attorney General. Some of those said documents are certified documents concerning real property relating to this case including, and without limitation to, blueprints of real properties Talasazan obtained from a government entity relating or concerning the instant case. To Talasazan's dismay, the Department of Justice used and may still be using the same "Neopost" mail as described above. As such, Talasazan rejected the said "Neopost" letter and mailed it back to the Attorney General with a notice of rejection.

6. To Talasazan's dismay, this Court used and may still be using the same "Neopost" mail as described above. Reference is made to this Court's ruling and order concerning the Motion to re-issue summonses, ordering that the First Amended Complaint be mailed to

Talasazan. The First Amended Complaint and exhibits attached and incorporated therewith so mailed to Talasazan, which clearly showed that the postage for said mailing was made by and paid to "Neopost" as described above. As such, Talasazan obeyed the order of the court, and returned the said mailing from the Court after making copies of the documents so mailed, including but not limited to the First Amended Complaint and Exhibits therewith, to serve the Defendants in this case. Talasazan provided the reason for mailing the said First Amended Complaint he received from the clerk back to the assistant clerk, on the back of a post it note which Talasazan indorsed.

7. Talasazan pays for all things he mails in relation to this case at the regular rate any citizen of the United States needs to pay to mail things. It is not unreasonable to believe that, among other things, by using said "Neopost" a discounted rate is applied and the full and accurate record of a case is obscured.

8. The postal service is a government entity. Postal stamps are not different than legal tender. In fact, there are postage stamps that reflect cash denominations. (e.g. $1, $2, $5, and/or $10 stamps).

9. For this reason, among others, Talasazan invoked Article III of the Constitution of the United States of America in his pleadings in the instant case.

10. It is not unreasonable for Talasazan or any attorney in this situation to truly feel stuck or conflicted about how he/she should proceed with this case at this point in time. As such, Talasazan OBJECTS on the record, for the reasons described above, and had already reserved his rights among other things with the Clerk and does so on the record herein.

## GROUNDS FOR THIS OPPOSITION

The grounds for this opposition are that:

1. The Bar Counsel's investigations of Talasazan, the Petition for Discipline filed against Talasazan, and the Board of Bar Overseers and the Bar Counsel's attempts to enter default against Talasazan (in the Petition for Discipline) runs afoul of the Constitution and, among other things, violates procedural due process such that said investigation and said Petition for Discipline would never pass muster in any civil or criminal proceeding.

2. The Defendants' Motion for Enlargement of Time casually leaves behind the fact that the Board of Bar Overseers is attempting to defy the judicial review of Federal Courts, and moreover, discredits and dishonors its own decision and/or ruling on Talasazan's Motion for Extension of Time ("MTE").

3. Talasazan filed the MTE in relation to the Petition for Discipline, and the Board of Bar Overseers ruled on the Matter "without objection" and, as such, the Board of Bar Overseers waived any objection they had or could have had (if any at all whatsoever).

4. In the background concerning the investigation of Talasazan, and the context pertaining to the rules of procedure in the Petition for Discipline against Talasazan, the Complaint in this Court is well settled, procedurally speaking, practice in Massachusetts.

5. The investigation of Talasazan and, without limitation, the ruling concerning Subpoena no. 2 clearly shows that the Board of Bar Overseers did not take the investigation concerning Talasazan seriously enough for a reasonable person to believe that Talasazan's Motion papers were being given enough attention or were being read with sufficient care such that it reflected a genuine concern to serious matters, and *a fortiori* the Ruling and/or Order on Talasazan's Motion for Extension of Time only strengthens the links to such said inferences to reasonably believe it.

6. It is not unreasonable to believe that the Board and Bar Counsel are acting, and will

continue to act arbitrarily, capriciously, and even acrimoniously towards Talasazan.

## REQUEST FOR HEARING

Harel Talasazan, Plaintiff, respectfully requests that this Honorable Court conduct a hearing on this Opposition.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief. Signed this 30th day of January, 2023 in Boston, Massachusetts.

*[signature]*
Harel Talasazan, Plaintiff
520 N Kings Road Apt. 305
+ Los Angeles, California 90048
hareltala@gmail.com